IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Larry D. Scarborough, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:11-438-RMG |
| vs. | ) | |
| | ) | |
| Lifepoint, Inc., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's partial motion to dismiss. This action involves various claims arising out of Plaintiff's employment and dismissal by Defendant. Defendant's partial motion to dismiss is based upon the contention that the amended complaint fails to allege a valid claim for hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and for wrongful termination in violation of public policy under the South Carolina common law.[1] The matter was referred to the Magistrate Judge for pretrial handling pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C. The Magistrate Judge recommended that the hostile work environment claim, as pled, be dismissed but Plaintiff be given 15 days for the opportunity to amend his complaint to plead with greater specificity. The Magistrate Judge also recommended that the wrongful termination claim for violation of public

---

[1] Plaintiff also alleges claims for discriminatory discharge under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. Defendant's partial motion to dismiss did not address these claims.

-1-

policy be dismissed. (Dkt. No. 27). Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation and Defendant has filed a reply. (Dkt. No. 29, 30).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* review of those portions of the Report to which specific objection is made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

This motion to dismiss arises under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Such a motion should not be granted unless the Plaintiff can prove no set of facts from those pled in the complaint which would support his claim and entitle him to relief. In considering the motion to dismiss, the Court must accept all pled facts to be true and view the complaint in a light most favorable to the Plaintiff as the non-moving party. *Mylan Laboratories, Inc. v. Mataki*, 7 F.3d 1130, 1134 (4th Cir. 1993).

According to Plaintiff's amended complaint, he was employed by Defendant in its business of procuring and harvesting organs and tissues for use in subsequent medical procedures. Plaintiff alleges that in violation of the statutes and regulations of the Federal Food and Drug Administration and company policies, he was directed to harvest organs and tissue from donors who either had a documented infectious disease (hepatitis) or was at risk for having an infectious disease. Complaint, ¶¶ 22-27. Plaintiff alleges that his termination was in retaliation for questioning the harvesting of tissue and organs from such donors. ¶¶ 45-58. Plaintiff further alleges that his termination followed a legitimate medical related absence from work and that

persons of the same race as his supervisor were not disciplined for their use of medical leave. ¶¶ 9-16. Plaintiff alleges that his termination under these circumstances constituted a hostile work environment.

In regard to the hostile work environment claim, the Magistrate Judge noted that it appeared to her that the claim was pled more as a discriminatory discharge claim and that Defendant had not moved to dismiss that portion of the Title VII claim. The Magistrate Judge then ably analyzed the controlling case law on the elements of a hostile work environment and concluded that the amended complaint, as pled, did not state a claim for hostile work environment. Having carefully reviewed the Report and Recommendation, the full record before the Court and the applicable legal authorities, the Court adopts that portion of the Magistrate Judge's Report and Recommendation dismissing the hostile work environment claim as pled. (Dkt. No. 27 at 4-8). The Court further adopts the recommendation of the Magistrate Judge that Plaintiff has leave to file a second amended complaint within fifteen days from the date of this order if he desires to plead this particular claim with greater specificity.

Plaintiff's allegations regarding his employer's instructions to harvest tissue and organs from donors with known infectious diseases or having risk factors for infectious diseases raise serious issues under Federal Food and Drug Administration regulations. All donor specimens are to be evaluated for risk factors and clinical evidence for HIV Type 1 and 2 and Hepatitis B and C. 21 C.F.R. §1270.21. Any organization which processes potential donor tissue and organs must have in place written procedures to address potential infectious disease issues and "[a]ny deviation from the written procedures shall be recorded and justified." 21 C.F.R. § 1270.31. Donors are to be screened "to assure freedom from risk factors for and clinical evidence of HIV

infection, hepatitis B and hepatitis C." 21 C.F.R. § 1270.33(b)(2).

The South Carolina Supreme Court recently addressed the scope of the public policy exception to the at will employment doctrine in *Barron v. Labor Finders of South Carolina*, 393 S.C. 609 (2011). The Supreme Court made it clear that while the public policy exception involves claims that the employer required the employee to violate a criminal law, "the public policy exception is not limited to these situations." *Id.* at 637. In fact, the Supreme Court stated that the public policy exception would extend even beyond claims that the employer required employees to violate either the criminal or civil laws.

It is clear to the Court an employer's instructions to an employee to harvest organs or tissues of a donor known to have hepatitis or at risk for hepatitis would raise grave public policy concerns and represent a clear violation of federal regulatory law. Under the standards set forth by the South Carolina Supreme Court in *Barron*, Plaintiff's allegations contained in his complaint, which for purposes of deciding the motion to dismiss are presumed to be true, does state a claim under South Carolina common law. Therefore, Defendant's motion to dismiss the Plaintiff's retaliatory discharge claim based upon the public policy exception is hereby denied.

## Conclusion

Defendant's motion to dismiss Plaintiff's hostile work environment claim, as pled, is **GRANTED**. Plaintiff has leave to amend his complaint within 15 days if he desires to plead this

claim with greater specificity. Defendant's motion to dismiss the retaliatory discharge claim based upon the public policy exception is hereby **DENIED**.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

December 12, 2011
Charleston, South Carolina