IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Larry D. Scarborough, | ) Civil Action No.: 2:11-438-RMG-BHH |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) **OF MAGISTRATE JUDGE** |
| | ) |
| Lifepoint Inc., | ) |
| | ) |
| Defendant. | ) |

The Plaintiff filed the instant action in the Charleston County Court of Common Pleas on October 25, 2010, and Defendant filed a Notice of Removal to this Court on February 23, 2011. (Dkt. No. 1.) Defendant filed a Motion to Compel on April 30, 2012 (Dkt. No. 41), and on September 4, 2012, the undersigned issued the following Text Order related to that motion:

> TEXT ORDER re 41 MOTION to Compel. The defendant has filed a motion to compel. [Doc. 41.] The plaintiff replied indicating that discovery responses and answers have now been made. [Doc. 45.] Instead of filing a new motion to compel for alleged deficiencies in the now produced discovery, the defendant filed a reply complaining about the thoroughness of certain answers and responses. [Doc. 47.] For efficiencies sake, the Court would try and resolve it now, but the plaintiff has made no explanation or defense of his discovery responses. Accordingly, the plaintiff, in five(5) days shall make sur-reply to the motion, addressing the objections raised by the defendant. But, the plaintiff should be prudent to simply produce that which is plainly owed, and the parties are encouraged to resolve any outstanding disputes between them before continuing on motion before the Court. If they cannot agree, the plaintiff is permitted to make reply as provided for above. IT IS SO ORDERED.

(Dkt. No. 52.) The time for Plaintiff to file a Sur-Reply passed with no filing.

On September 28, 2012, Defendant filed a Motion to Dismiss for Lack of Prosecution. (Dkt. No. 54.) The undersigned issued the following Text Order on October 1, 2012:

> Counsel for plaintiff has indicated that she can no longer represent the plaintiff for a change in her own employment. She, however, has not taken

any steps to be relieved as counsel because she contends that she cannot reach the plaintiff. Nevertheless, counsel should immediately, and no more than five (5) days from the date of this Order, move to be relived as counsel, complying with the Local Rules in that respect as circumstances allow. She should do everything possible to give her client notice of such motion and provide to the Court current contact information for the plaintiff. IT IS SO ORDERED.

(Dkt. No. 55.)

Plaintiff's counsel filed a Motion to Withdraw as Attorney on October 10, 2012. (Dkt. No. 56.) In her motion, she represented that she served a copy of the Motion to Withdraw on the Plaintiff at his last known address, and that, "despite her best efforts," she has been "unable . . . to locate the Plaintiff in this matter" to obtain his consent to the motion. (Dkt. No. 56 at 1 of 2.) On October 25, 2012, that motion was granted. (Dkt. No. 59.) This Order stated, *inter alia*,

> The Motion to Withdraw as Attorney (Dkt. No. 56) is hereby GRANTED, and the Clerk is directed to terminate Ms. Peterson-Hutto as counsel of record. Plaintiff Larry D. Scarborough has twenty (20) days from the date of this Order to retain new counsel or to indicate his intention to proceed *pro se*, that is to say that he will represent himself in this matter. The Clerk is directed to send a copy of the following documents to Plaintiff Larry D. Scarborough: (a) this Order, and (b) Defendant's Motion to Dismiss for Lack of Prosecution (Dkt. No. 54) and exhibits thereto.

(Dkt. No. 56.)

The time for Plaintiff to retain new counsel or indicate his intention to proceed *pro se* has passed, and Plaintiff has filed nothing. Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

November 20, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).