RECEIVED
IN THE UNITED STATES DISTRICT COURT, CLERK, CHARLESTON, SC
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION      2012 DEC 13  A 10: 29

| | | |
|---|---|---|
| Larry D. Scarborough, | ) | C/A No.: 2:11-cv-438-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lifepoint Inc., | ) | |
| Defendant. | ) | |

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge recommending this Court dismiss this action with prejudice for lack of prosecution and failure to comply with the Court's orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. No. 62). As explained below, the Court agrees with and adopts the Report and Recommendation of the Magistrate.

**Background**

Plaintiff filed this employment action in the Charleston County Court of Common Pleas and Defendant removed it to this Court on February 23, 2011. (Dkt. No. 1). The case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Subsequently, Defendant filed a motion to compel on April 30, 2012 (Dkt. No. 41) and the Magistrate entered a text order directing Plaintiff to file a response (Dkt. No. 52), but Plaintiff filed no response. On September 28, 2012, Defendant moved to dismiss for lack of prosecution (Dkt. No. 54). Plaintiff's counsel subsequently informed the Court she could no longer represent Plaintiff. (Dkt. No. 55). The Court directed Plaintiff's counsel to move to be relieved as counsel and to provide her client with notice of the motion. (*Id.*). Plaintiff's counsel then filed a motion to

1

withdraw (Dkt. No. 56) and represented that she served a copy of the motion on Plaintiff at his last known address, but that she had been unable to locate Plaintiff to obtain his consent to the motion. The Court granted the motion to withdraw, and ordered the Plaintiff to obtain new counsel within 20 days or indicate his desire to proceed *pro se* in this matter. (Dkt. No. 59). The time for Plaintiff to obtain new counsel or notify the Court of his *pro se* status expired without response. The Magistrate then issued its Report and Recommendation recommending this action be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. No. 62). Plaintiff failed to file timely objections to the Report and Recommendation.

### Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

After a thorough review of the record, the Court finds the Magistrate applied sound legal principles to the facts of this case. The Magistrate properly applied Federal Rule of Civil Procedure 41(b) and the factors discussed in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982), in concluding that the present action should be dismissed with prejudice for

2

failure to prosecute.   Accordingly, the Court agrees with and adopts the Report and Recommendation of the Magistrate.

### Conclusion

For the reasons set forth above, the Court agrees with and adopts the Report and Recommendation of the Magistrate.  (Dkt. No. 62).  Accordingly, this action is dismissed with prejudice for lack of prosecution pursuant to Rule 41(b).

_____
Richard Mark Gergel
United States District Court Judge

December 12, 2012
Charleston, South Carolina

3